IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division

**RICKEY SIMPSON,**

    **Plaintiff,**

    v.                                                                                  Civil Action No. 2:19-CV-29 (Kleeh)

**OCWEN LOAN SERVICING, LLC,
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN
TRUST 2005-2, ASSET-BACKED
CERTIFICATES, SERIES 2005-2,**

    **Defendants.**

ELECTRONICALLY FILED
Apr 16 2019
U.S. DISTRICT COURT
Northern District of WV

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2005-2, Asset-Backed Certificates, Series 2005-2, ("Wells Fargo" collectively as "Defendants") by counsel, hereby remove this action from the Circuit Court in the Lewis County, West Virginia, to the United States District Court for the Northern District of West Virginia, Elkins Division. Removal is proper because this Court has subject matter jurisdiction over the action by way of diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, Defendants remove this action to this Court, and in support of its Notice of Removal states the following:

**Background**

1. On or about March 18, 2018, Plaintiff Rickey Simpson ("Plaintiff") filed a complaint (the "Complaint") against Ocwen and Wells Fargo in the Circuit Court of Lewis County, Civil Action No. 19-C-13.

2. The Complaint involved claims stemming from the alleged actions of Defendants "regularly misstated the status of the account, misrepresented that it was permitted to return Plaintiff's payments and instructed Plaintiff not to make payments, and otherwise interfered with Plaintiff's performance on the loan." (Compl. ¶ 1). A copy of the Complaint is attached hereto as **Exhibit A**. Defendants deny these allegations.

3. Upon information and belief, Ocwen was served with the Complaint on March 18, 2019 through the West Virginia Secretary of State.

4. This Notice of Removal is being filed within thirty days of Ocwen being served a copy of the Complaint. Accordingly, the action is removable pursuant to 28 U.S.C. § 1446(b)(3).

5. In the Complaint, Plaintiff asserts various claims related to servicing of the loans. Plaintiff seeks "actual damages," "punitive damages," civil penalties for alleged violations of W.Va. Code §§ 46A-5-101(1) and 106, in addition to attorney fees and costs.

6. Defendants deny the allegations in the Complaint, deny that Plaintiff has stated any claim for which relief may be granted, and deny that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because the proper parties are completely diverse and the amount in controversy well exceeds $75,000. Removal of this entire case is therefore proper under 28 U.S.C. §§ 1332, and 1441.

## Removal Based on Diversity Jurisdiction

7. Pursuant to 28 U.S.C. §§ 1332, 1348, 1367, 1441, and 1446, and this Court's diversity jurisdiction, removal of Plaintiff's State Court Civil Action to this Court is appropriate.

*Diversity Jurisdiction*

8. This Court has original diversity jurisdiction over Plaintiff's State Court Civil Action under 28 U.S.C. § 1332.

9. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Here, both the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

11. Complete diversity exists between Plaintiff and properly joined Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

12. Plaintiff's Complaint gives rise to diversity jurisdiction because the citizenship of Plaintiff and Defendants are completely diverse, and the amount in controversy exceeds $75,000.

**A.     Diversity of Citizenship**

13. Plaintiff is, and at the time of the filing of the Complaint was, a citizen of West Virginia as he is a resident of Lewis County, Walkersville, West Virginia.  (*See* Comp. ¶ 1). Accordingly, for purposes of determining diversity of citizenship, Plaintiff is a citizen of West Virginia.

14. Defendant Ocwen is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida. (*See* Compl. ¶ 2.) The sole member of Ocwen is Ocwen Financial Corporation, which was incorporated in Florida and maintains its principal place of business in Florida. Accordingly, for purposes of federal jurisdiction, Ocwen is not a citizen of the State of West Virginia. *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members").

15. Defendant Wells Fargo is a national banking association organized under the laws of the United States. Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court of the United States has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 327 (2006); *accord Wachovia Bank, N.A. v. Preston Lake Homes, LLC*, No. 5:09-cv-00112, 2010 U.S. Dist. LEXIS 45675, at *2 n.1 (W.D. Va. 2010). In *Schmidt*, the Court found § 1348 did not encompass "every State in which [the association] conducts business or is otherwise amenable to personal jurisdiction." 546 U.S. at 318.

16. Wells Fargo's main office is in South Dakota, as designated by its articles of association. (*See* Compl. ¶ 3). Therefore, Wells Fargo properly is considered a South Dakota citizen. *See* Office of Comptroller of Currency, *National Banks Active as of 3/31/2019*, *available at* www.occ.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name-

pdf.pdf . Accordingly, Wells Fargo is not a citizen of West Virginia for diversity jurisdiction purposes.

17.     Accordingly, there is complete diversity between Plaintiff and Defendants.

B.     **Jurisdictional Amount**

18.     Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

19.     "'[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"  *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).  "In lawsuits 'seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'"  *Monton v. America's Servicing Co.*, No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug. 12, 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) ("In suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks"); *Sherman v. Litton Loan Servicing*, 796 F. Supp. 2d 753, 766 (E.D. Va. 2011) (finding amount in controversy met based on "the manifest fact that the value of the Property exceeds $75,000"); *see also Nationstar Mortgage, LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (internal citation omitted) (finding that, although party sought below jurisdictional limit in monetary damages, the amount in controversy exceeded $75,000 where party also sought rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title regarding property with a mortgage that exceeded $107,000); *Walker v.*

*Waller*, 267 F. Supp. 2d 31, 32 (D.D.C. 2003) ("Where a plaintiff seeks declaratory relief, the amount in controversy is the 'value of the object of the litigation.'") (citations omitted).

20.     In the present action, Plaintiff demands monetary relief in the form of actual damages, punitive damages, and statutory penalties pursuant to section 46A-5-101 and -106 plus attorneys' fees and interest.  Although Plaintiff does not set forth a civil penalty amount, the civil penalty is approximately $1,000.00 per violation.  *See* W. Va. Code § 46A-5-101.

21.     The amount in controversy is met by each defendant.  It is unclear precisely how many alleged violations of the WVCCPA Plaintiff is claiming against Ocwen.  However, from a fair reading of the face of Plaintiff's Complaint, it appears that he is alleging at least 87 violations (72 monthly billing statements and 15 other communications/actions described in Plaintiff's Complaint).  A civil penalty of approximately $1,000.00 per violation would amount to at least $87,000.00 in civil penalties under the WVCCPA.  Accordingly, the statutory damages alone satisfy the jurisdictional requirement as to Ocwen.  In sum, complete diversity exists and the amount in controversy requirement is satisfied.  Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

22.     Additionally, Plaintiff requests attorneys' fees and costs pursuant to W. Va. Code § 46A-5-104.  The Fourth Circuit has held that when a state statute (like the WVCCPA) provides for the recovery of attorneys' fees, they may be included in calculating the amount-in-controversy under CAFA. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 733 (4th Cir. 2009); *see also Waters v. Electrolux Home Prods., Inc.*, 2015 U.S. Dist. LEXIS 54728, at *20-21 (N.D. W.Va. April 27, 2015) (finding $5 million CAFA requirement met regardless of consideration of attorneys' fees but considering inclusion of attorneys' fees as an alternative finding and holding that attorneys' fees should be included in amount-in-controversy calculation under specific

WVCCPA allegations).  Hence, the court may consider whether an award of attorneys' fees under the WVCCPA could make up a portion of the amount-in-controversy.

23.     Further, "[b]oth state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery." *Archbold v. Wells Fargo Bank, N.A.*, No. 3:13-cv-24599, 2015 U.S. Dist. LEXIS 92855, at *11 (S.D. W. Va. July 13, 2015); *Muhammad v. Nat'l City Mortg., Inc.*, Civil Action No. 2:07-0423, 2008 U.S. Dist. LEXIS 103534, at *20-21 (S.D. W. Va. Dec. 19, 2008); *see also Eriksen Constr. Co. v. Morey*, 923 F. Supp. 878, 881 (S.D. W. Va. 1996) ("The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.") (internal citations omitted); *F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (a one-third attorneys fee is the "going rate" in contingency fee cases).

24.     Therefore, accepting a percentage rate of one-third of an award of at least $87,000.00, it is a reasonable determination that attorneys' fees could be $29,000.00, bringing the amount-in-controversy to $116,000.00.

25.     Moreover, Plaintiff alleges actual damages for Defendants causing "Plaintiff to accrue greater delinquency on his loan."  However, Plaintiff's Complaint does not allege sufficient facts to determine the amount of actual damages.  Plaintiff's Complaint does not request equitable relief or voidance of the loan.  However, Plaintiff claims that he has been "damaged as the proximate result, including the likely loss of his home." (Compl. ¶ 70).  The value of the property referenced in Paragraph 70 of the Complaint as of January 17, 2019 was approximately $90,000.00.  Appraisal attached as **Exhibit B**.

26. Finally, Plaintiff alleges punitive damages which is within the sole discretion of the jury and therefore cannot be determined at this time.

27. Thus, assuming the allegations in the Complaint are true, which Defendants do solely for the limited purpose of removal, when added together, the potential actual damages, potential statutory penalties, and the statutory entitlement to attorneys' fees, can reasonably be expected to exceed $206,000.00. Accordingly, Defendants have more than established that the amount-in-controversy is satisfied pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

### III. VENUE

28. Venue is proper in this Court because this district and division encompass the Circuit Court for Lewis County, West Virginia, the forum from which this case has been removed.

### IV. NOTICE

29. Concurrent with the filing of this Notice of Removal, Defendants will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court for the Lewis County, West Virginia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached hereto as **Exhibit C**.

30. Defendants reserve the right to amend their Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

31. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

V. **CONCLUSION**

WHEREFORE, Defendants Ocwen Loan Servicing, LLC, and Wells Fargo Bank, National Association hereby remove this action to this Court and seek all other relief as this Court deems equitable and just.

Dated: April 16, 2019

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC,
and WELLS FARGO BANK,
NATIONAL ASSOCIATION,
AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2005-2,
ASSET-BACKED CERTIFICATES,
SERIES 2005-2,**

By:     /s/ Jason E. Manning
               Of Counsel

Jason E. Manning (WV Bar No. 11277)
David M. Asbury (WV Bar No. 12952)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7757
Facsimile: (757) 687-7510
E-mail: jason.manning@troutman.com
E-mail: david.asbury@troutman.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2019, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System. I further certify that a true and correct copy of the foregoing was also served via Federal Express to:

**Counsel to Plaintiff**
Jennifer S. Wagner, Esq.
Mountain State Justice, Inc.
325 Willey Street
Morgantown, WV 26505
jennifer@msjlaw.org

/s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7757
Facsimile: (757) 687-7510
Email: jason.manning@troutman.com