IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICKEY SIMPSON,**

    **Plaintiff,**

v.                                               Civ. Action No. 2:19-CV-29
                                                                   (Kleeh)

**OCWEN LOAN SERVICING, LLC,
and WELLS FARGO BANK,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

Pending before the Court is *Defendants' Partial Motion for Judgment on the Pleadings* [ECF No. 10]. The Motion is ripe for consideration. For reasons discussed herein, the Court grants in part and denies in part the Motion.

### I.    PROCEDURAL HISTORY

On April 16, 2019, this action was timely removed to this Court from the Circuit Court of Lewis County, West Virginia. ECF No. 1. The Plaintiff, Rickey Simpson ("Plaintiff"), brings five (5) causes of action against the Defendants, Ocwen Loan Servicing, LLC ("Ocwen"), and Wells Fargo Bank ("Wells Fargo") (together, "Defendants"), related to allegedly abusive loan servicing. See Compl., ECF No 1-1. On April 23, 2019, Defendants

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

filed an Answer. ECF No. 5. On June 21, 2019, Ocwen filed this Motion. ECF No. 10. It is now ripe for consideration.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure is analyzed under the same standard as a motion under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss

**SIMPSON V. OCWEN**                                          2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

"does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 942, 952 (4th Cir. 1992).

### III. <u>FACTS</u>

The following facts are taken from Plaintiff's Complaint. For purposes of analyzing this Motion, the Court assumes they are true. Plaintiff has lived in his family home at 564 Walkersville River Road, Walkersville, West Virginia, for over 20 years. Compl., ECF No. 1-1, at ¶ 1. On or around March 1, 2005, Plaintiff entered into an adjustable rate mortgage with H&R Block Mortgage Corporation ("H&R Block") in the amount of $108,000.00. <u>Id.</u> ¶ 4. On May 1, 2005, the loan was purportedly securitized into a trust by Option One Mortgage Corporation ("Option One") and Wells Fargo. <u>Id.</u> ¶ 6. No assignments of the deed of trust have been recorded that would assign it to any party other than the original lender. <u>Id.</u> ¶ 7. Ocwen claims to be the servicer of the subject loan.[1] <u>Id.</u> ¶ 2. Wells Fargo claims to be the trustee for the holder of the subject loan. <u>Id.</u> ¶ 3.

---

[1] Plaintiff argues that Ocwen does not have authority to service the loan because it has no chain of title transferring the loan from H&R Block to Option One and/or from Option One to any subsequent holder. <u>Id.</u> ¶ 8.

**SIMPSON V. OCWEN**                                                 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

In February 2017, the mortgage was again modified, increasing the unpaid principal balance but decreasing Plaintiff's payment amounts by adding a balloon due on maturity. Id. ¶ 13. Plaintiff writes that the balloon payment was not disclosed consistent with West Virginia law. Id. ¶ 14. The loan documents regarding the amount due at maturity were confusing and misleading to Plaintiff. Id. The total amount owed on the loan far exceeds the market value of Plaintiff's home, and Plaintiff cannot sell or refinance. Id. ¶ 15. Ocwen issued a false cancellation of debt tax form dated February 17, 2017, stating that $25,480.07 had been forgiven by agreement. Id. ¶ 16. Ocwen previously issued false tax 1099-C tax forms, including in 2014. Id. ¶ 17.

Plaintiff continued to struggle with his mortgage payments after February 2017. Id. ¶ 18. He applied for another loan modification. Id. ¶ 19. An individual named "Walt," the Relationship Manager assigned to Plaintiff from Ocwen, advised Plaintiff that his loan could be modified and instructed Plaintiff not to send in any payments. Id. ¶ 20. Based on this advice, Plaintiff refrained from making payments. Id. ¶ 21. Ocwen sent Plaintiff correspondence dated June 28, 2018, stating

**SIMPSON V. OCWEN**                                              2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

that it would not accept any payments short of a full reinstatement if the loan is delinquent. Id. ¶ 23.

Ocwen then denied Plaintiff's application to modify his loan. Id. ¶ 24. Its stated reason was that it was not permitted to modify the loan more than three times. Id. However, Plaintiff's loan had already been modified four times. Id. ¶ 25. Ocwen never presented Plaintiff with the option to extend the term of his loan. Id. ¶ 26. Had Plaintiff known that Ocwen would not consider him for a loan modification, he would have taken other actions to avoid the accrual of additional arrears. Id. ¶ 28. Plaintiff wrote a letter to Wells Fargo requesting reconsideration of the denial, and Wells Fargo did not respond. Id. ¶ 29. Ocwen offered Plaintiff the option of making an up-front payment of $2,000, which Plaintiff could not afford. Id. ¶ 30.

Plaintiff's February 2017 payment, along with other payments, was not timely posted to his account. Id. ¶ 33. Ocwen instead placed Plaintiff's payments in a suspense account or cashed the payments and failed to credit Plaintiff's account. Id. ¶¶ 34, 38. Ocwen would then misrepresent in the billing statements how much Plaintiff owed (example: March 2017). Id. ¶

**SIMPSON V. OCWEN** 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

34. Ocwen also sent conflicting notices to Plaintiff about the amounts due.[2]

Plaintiff sent Ocwen several notices of its right to cure its legal errors. Id. ¶ 50. He advised Ocwen of its improper servicing and requested documentation related to it. Id. ¶ 51. Ocwen provided some documentation but did not offer to cure or rectify its conduct. Id. ¶ 52. Ocwen withheld basic information regarding the loan, including servicing notes, claiming that it was "confidential, proprietary or privileged" or "for internal purposes only." Id. ¶ 53.

Plaintiff asserts the following causes of action:

(I) Misrepresentations, in violation of section 46A-2-127 of the West Virginia Code;

(II) Refusal to Apply Payments, in violation of sections 46A-2-115 and 46A-2-128 of the West Virginia Code;

---

[2] For example, Ocwen sent a billing statement dated July 17, 2017, that stated that the total amount due was $2,031.53, but in the delinquency notice dated July 18, 2017, Ocwen stated that the total amount due was $1,320.85. Compl., ECF No. 1-1, at ¶¶ 40-41. The July 2017 billing statement reported that Plaintiff's July payment was $812.21, but his July 2017 delinquency notice stated that the July payment was $507.63. Id. ¶ 42. In Ocwen's June 28, 2018, correspondence, it stated that the unpaid principal balance was $85,962.37, but Ocwen stated in a June 18, 2018, correspondence that the unpaid principal balance was $124,642.44. Id. ¶¶ 43-44.

SIMPSON V. OCWEN                                      2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

(III)   Unconscionable Debt Collection, in violation of section 46A-2-128 of the West Virginia Code;

(IV)    Fraud; and

(V)     Tortious Interference with Contract (Servicer).

## IV. DISCUSSION

Ocwen moves for judgment on the pleadings only as to certain portions of Plaintiff's Complaint. These portions will be discussed in turn.

**A.  Ocwen's Authority to Service the Loan**

   **Count I (Misrepresentations)**

Under West Virginia law, "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127. This portion of the West Virginia Consumer Credit and Protection Act provides a non-exhaustive list of types of misrepresentation, including but not limited to the following:

> Any false representation or false impression about the status or true nature of or the services rendered by the debt collector or his business.

Id. § 46A-2-127(h).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

Plaintiff's Complaint alleges that, in violation of section 46A-2-127 of the West Virginia Code, Ocwen "misrepresent[ed] that it was authorized to collect fees that it was not, in fact, authorized to collect[.]" Id. ¶ 57. Plaintiff alleges that "Ocwen does not have authority to service the Note, because it does not have in its possession proper chain of title transferring the loan from H&R Block to Option One Mortgage Corporation and/or from Option One to any subsequent holder." Id. ¶ 8.

Ocwen argues that "this is a false allegation as a matter of public record." ECF No. 11 at 3. It attaches to its Motion a recorded Assignment of Mortgage, transferring ownership from H&R Block to Option One. See Ex. A, ECF No. 11-1. It also attaches a subsequent recorded Assignment of Mortgage, transferring ownership from Option One to Wells Fargo. See Ex. B, ECF No. 11-2. At this stage and considering the applicable standard, the Court cannot and will not adjudicate facts surrounding the assignment — or lack thereof — of the loan. Because at this stage we must assume Plaintiff's allegations are true, the Court must deny the Motion as to this portion of Count One.[3]

---

[3] The Court is quite mindful of the standard governing the pending motion and denies the Motion on this Count because of it. However, it is clear from the parties' briefing that certain

SIMPSON V. OCWEN                                      2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

B.   **Balloon Disclosure**

   **Count III (Unconscionable Debt Collection)**

Section 46A-2-105(2) of the West Virginia Code requires:

> With respect to a consumer credit sale or consumer loan whenever any scheduled payment is at least twice as large as the smallest of all earlier scheduled payments other than any down payment, any writing purporting to contain the agreement of the parties shall contain language in form and substance substantially similar to the following: THIS CONTRACT IS NOT PAYABLE IN INSTALLMENTS OF EQUAL AMOUNTS: Followed, if there is only one installment which is at least twice as large as the smallest of all earlier scheduled payments other than any down payment, by: AN INSTALLMENT OF $..... WILL BE DUE ON ..........
>
> or, if there is more than one such installment, by: LARGER INSTALLMENTS WILL BE DUE AS FOLLOWS: . . . .

Plaintiff argues that Ocwen "provid[ed] a loan modification with documents that failed to properly disclose a balloon payment[.]" Compl., ECF No. 1-1, at ¶ 63. Plaintiff also states

---

allegations of the Complaint with respect to the assignment of the loan are contradicted by the records produced with Defendant's motion. This ruling certainly does not and should not be construed as precluding Defendant from seeking relief at a different stage of litigation under a different procedural vehicle. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

SIMPSON V. OCWEN                                          2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

that the loan documents regarding the amount due at maturity were confusing and misleading to him. Id. ¶ 14. However, Plaintiff fails to provide sufficient allegations indicating how the balloon payment was not disclosed in accordance with West Virginia law. Plaintiff makes only conclusory allegations that it was not properly disclosed. For that reason, the Court grants Ocwen's Motion as to Count Three, pertaining to improper balloon disclosure.

**C.    Refusal to Apply Payments**

   **Count II (Refusal to Apply Payments)**

   Section 46A-2-115(c) of the West Virginia Code states in pertinent part:

> All payments made to a creditor in accordance with the terms of any consumer credit sale or consumer loan shall be credited upon receipt against payments due: . . . ***Provided, however*, That partial amounts received during the period set forth in subdivision (3) subsection (b) of this section do not create an automatic duty to reinstate and may be returned by the creditor.** (emphasis added)

Furthermore, section 46A-3-111(b) states:

> All payments made to a creditor which do not comply with the terms of a precomputed consumer credit sale or consumer loan **may be held in a suspense or unapplied funds account.** The creditor must disclose to the consumer the total amount of funds held in a suspense or unapplied funds account. On

**SIMPSON V. OCWEN**                                                    2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

> accumulation of funds sufficient to cover a
> full payment in accordance with terms of the
> precomputed consumer credit sale or consumer
> loan agreement, the creditor shall apply the
> payment in accordance with subsection (a) of
> this section. (emphasis added)

Thus, it is clear that at some point a servicer may reject partial payments, and at some point, it may not.

Plaintiff claims that Ocwen "refused to accept or apply Plaintiff's payments in violation of section 46A-2-115 of the West Virginia Code" and that this was unconscionable. Compl., ECF No. 1-1, at ¶¶ 60-61. Specifically, Plaintiff writes that his February 2017 payment, along with other payments, was not timely posted to his account. Id. ¶ 33. He writes that Ocwen instead placed Plaintiff's payments in a suspense account or cashed the payments and failed to credit Plaintiff's account. Id. ¶¶ 34, 38.

From the Complaint, it is unclear at what point in Plaintiff's dealings with Ocwen his partial payments were being rejected. Still, Plaintiff also alleged that Ocwen cashed the payments. He has stated a claim for relief that is plausible on its face. At the 12(c) stage, the Court will deny the Motion on this Count.

**SIMPSON V. OCWEN**                                              2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

**D.   Consideration of Plaintiff for a Loan Modification**

**Count I (Misrepresentations)**

The West Virginia Consumer Credit Protection Act states that "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127. Plaintiff claims that Ocwen misrepresented the availability of loss mitigation for the loan. Compl., ECF No. 1-1, at ¶ 57. To support this claim, Plaintiff asserts that Ocwen Relationship Manager "Walt" advised him that the loan could be modified and instructed him not to make any more payments to Ocwen. Id. ¶ 20.

Assuming Plaintiff's facts are true, Ocwen's stated reason for denying his loan modification was that it could not modify the loan more than three times. Id. ¶ 24. However, Plaintiff's loan had already been modified four times, and Ocwen did not provide an option to extend the term of the loan. Id. ¶¶ 25-26. Therefore, Plaintiff contends that Ocwen made misrepresentations and never intended to modify the loan. Id. ¶ 27. As a result of the misrepresentations, Plaintiff alleges that Ocwen caused him to accrue greater delinquency on his loan. These facts are sufficient to survive dismissal under Rule 12(c), and Ocwen's

SIMPSON V. OCWEN                                            2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

Motion is denied as it relates to consideration for a loan modification in Count One.

**Count IV (Fraud)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In alleging circumstances constituting fraud, the claimant is generally required to allege: "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

Under West Virginia law, the elements of fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by the defendant; (2) that it was material and false; (3) that the party relied upon it; and (4) that the party was damaged because he relied upon it. Univ. of W. Va. Bd. of Trustees v. VanVoorhies, 84 F. Supp. 2d 759 (N.D.W. Va. 2000), aff'd, 278 F.3d 1288 (Fed. Cir. 2002).

Here, Plaintiff alleges that Ocwen acted fraudulently by misrepresenting that it "would consider Plaintiff for a loan modification or foreclosure prevention option, misrepresent[ing]

**SIMPSON V. OCWEN**  2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

that it was proper to refuse all payments other than a full reinstatement, and suppress[ing] that Defendant was not appropriately reviewing the application or complying with commercially reasonable business practices." Compl., ECF No. 1-1, at ¶ 66. In reliance on these alleged misrepresentations, Plaintiff forwent making payments on his loan, submitted documentation to Ocwen, and did not pursue alternatives to foreclosure before significant arrears accrued. Id. ¶ 69.

Plaintiff has sufficiently pled a claim for Fraud. First, assuming Plaintiff's stated facts are true, Ocwen Relationship Manager "Walt" advised Plaintiff that the loan could be modified. Id. ¶ 20. Second, the advice was material and false because the loan could not be modified more than three times and Ocwen never intended to modify the loan. Id. ¶ 27. Third, Plaintiff relied on Ocwen's advice: "[h]ad [he] known that [Ocwen] would not consider him for a loan modification, he would have taken other actions . . . ." Id. ¶ 28. And, fourth, Plaintiff was damaged because this caused him to accrue greater delinquency on his loan. Id. ¶ 27. Ocwen's Motion is denied for Count Four as it relates to consideration for a loan modification.

**SIMPSON V. OCWEN** 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

**Count V (Tortious Interference with Contract)**

"In order to establish a claim of tortious interference with contract, a plaintiff must show: (1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by an outside party; (3) that the interference caused harm; and (4) damages." Ballock v. Costlow, No. 1:17-CV-52, 2017 WL 9620421, at *19 (N.D.W. Va. Dec. 6, 2017), report and recommendation adopted, No. 1:17-CV-52, 2018 WL 1225478 (N.D.W. Va. Mar. 9, 2018) (citing Syl. Pt. 5, Hatfield v. Health Mgmt. Assocs. of W. Va., 223 W. Va. 259, 672 S.E.2d 395 (2008)). Here, Plaintiff alleges that Ocwen tortuously interfered with the Deed of Trust by "instructing Plaintiff not to make payments and refusing to permit Plaintiff to seek available foreclosure alternatives, to limit loss to the lender's successor." Compl., ECF No. 1-1, at ¶ 75.

Plaintiff has sufficiently pled facts to support a claim of tortious interference regarding the loan modification. Assuming Plaintiff's stated facts are true, a contractual relationship between Plaintiff and the Lender existed in the Deed of Trust. Id. ¶ 72. Second, Ocwen instructed Plaintiff not to make payments and refused to permit foreclosure alternatives. Id. ¶ 75. Third, Plaintiff was harmed because arrears accrued and

**SIMPSON V. OCWEN**                                              2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

the lien reached maturity without any ability for it to be paid off. Id. ¶¶ 76–77. Fourth, Plaintiff has been damaged by, including but not limited to, the inevitable foreclosure of his home. Id. ¶ 78. Defendant's Motion is denied for Count Five as it relates to consideration of Plaintiff for a loan modification.

**E.  Confidential and Proprietary Information**

   **Count III (Unconscionable Debt Collection)**

Plaintiff alleges that Ocwen "refus[ed] to provide information regarding the account that it is required by law to provide[.]" Id. ¶ 63. Assuming Plaintiff's stated facts are true at this stage, Ocwen refused to provide Plaintiff with servicing notes, its stated reason being that the information was "confidential, proprietary or privileged" or "used for internal purposes only." Id. ¶ 53. Ocwen argues that this information was privileged and did not have to be released. At this stage, the Court will not decide whether the requested information was privileged. Ocwen's Motion is denied for Count Three as it relates to failure to disclose confidential and proprietary information.

**SIMPSON V. OCWEN**                                           2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 10]**

V.     CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the Motion for Judgment on the Pleadings [ECF No. 10] is:

- **DENIED** for Count One as it relates to Ocwen's authority to service the loan;

- **GRANTED** for Count Three as it relates to improper balloon disclosure;

- **DENIED** for Count Two as it relates to refusal to apply payments;

- **DENIED** for Counts One, Four, and Five as they relate to consideration of Plaintiff for a loan modification;

- **DENIED** for Count Three as it relates to failure to disclose confidential and proprietary information.

Of course, Ocwen is free to re-address these issues at the summary judgment stage should it believe such a motion is warranted under Rule 56.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 23, 2020

/s/ Thomas S. Kleeh
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE