IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

RICKEY SIMPSON,

    Plaintiff,

v.                                          Civ. Action No. 2:19-CV-29
                                                (Kleeh)

OCWEN LOAN SERVICING, LLC,
and WELLS FARGO BANK,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

Pending before the Court is Defendant Ocwen Loan Servicing, LLC's Motion to Compel Plaintiff to Respond to Discovery Requests [ECF No. 22] and Defendant's Motion to Lift Stay and Compel Plaintiff to Respond to Discovery Requests [ECF No. 28]. The issues addressed in this Memorandum Opinion and Order have been fully briefed and supplemental discovery responses have been filed. The Court finds the issues addressed in this Order ripe for decision. For the reasons set forth herein, the Court grants in part and denies in part the Motion to Compel Plaintiff to Respond to Discovery Requests [ECF No. 22] and grants in part and denies as moot in part the Motion to Lift Stay and Compel Plaintiff to Respond to Discovery Requests [ECF No. 28].

Simpson v. Ocwen, et al.                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in the Circuit Court of Lewis County, West Virginia. The Complaint alleges a number of violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"), W. Va. Code §46A-1-101 et seq. The Complaint asserts a number of violations of that statutory scheme including misrepresentations in violation of W. Va. Code § 46A-2-127, Refusal to Apply Payments in violation of W. Va. Code §§ 46A-2-115 and 46A-2-128, Unconscionable Debt Collection in violation of W. Va. Code § 46A-2-128 as well as tort claims for Fraud and Tortious Interference with Contract. Plaintiff seeks a wide array of damages for these claims including actual damages, statutory damages, punitive damages and attorney's fees. See generally ECF No. 1-1.

Defendant removed the matter to the United States District Court for the Northern District of West Virginia on April 16, 2019. ECF No. 1. Defendant filed its Answer which raised a number of affirmative defenses. See generally ECF No. 5. After Defendant filed its Answer, the Court entered its First Order and Notice establishing certain deadlines including the parties' Rule 26 meeting deadline. ECF No. 4. After the parties filed their Rule

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

26(f) Planning Meeting Report, Defendant served its First Set of Interrogatories, Requests for Production of Documents and Requests for Admission on Plaintiff Rickey Simpson on June 21, 2019.  ECF No. 12.  Shortly thereafter and before his responses to Defendant's first set of combined discovery requests were due, Plaintiff filed his Motion to Remand contending this Court lacked jurisdiction as the amount in controversy threshold had not been satisfied in Defendant's removal papers.[1]  ECF No. 14.

Plaintiff served his initial responses to Defendant's discovery requests on July 22, 2019.  ECF No. 17.  He served his first supplemental responses the next day – after Defendant submitted its response in opposition to Plaintiff's Motion to Remand.  ECF No. 19.  On August 7, 2019, Counsel for Defendant sent its "meet and confer" email to Plaintiff's Counsel.  In that correspondence and its motion, Defendant identifies the following discovery requests as deficient:

**A. Interrogatories**

1. Each and every statutory violation [Plaintiff] alleges under the WVCCPA against Ocwen and Wells Fargo, including

---

[1] The Court denied that motion on March 9, 2019 finding the amount in controversy had clearly been met in this case.  ECF No. 50.

Simpson v. Ocwen, et al.                     Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

the particular code section he alleges was violated and the date each violation occurred;

2. The total amount of damages [Plaintiff] currently seeks from Defendants;

3. Which Pattern and Practice witnesses [Plaintiff] intends to call at trial;

4. Any and all communications between [Plaintiff] and any third party concerning the Loan;

5. The last payment [Plaintiff] made on the Loan and any supporting Documents for such a payment;

6. Each contact [Plaintiff] had with Defendant Ocwen regarding the subject matter of this lawsuit; and

14. All facts, Documents, and Communications which [Plaintiff] relies on in support of his allegations that Ocwen "advised Mr. Simpson not to send in any payments, because Ocwen would just return those payments."

**B.    Requests for Production of Documents**

15. Documents evidencing any attempt [Plaintiff] made to obtain financing to purchase the Property;

16. Documents sufficient to identify [Plaintiff's] current assets;

**Simpson v. Ocwen, et al.**　　　　　　　　　　Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

17. Documents sufficient to identify [Plaintiff's] current debts, including any judgments or liens;

18. Documents identifying [Plaintiff's] income, from whatever source derived;

19. Documents concerning any bankruptcy [Plaintiff] may have filed;

21. Documents relating to any prior court proceedings in which [Plaintiff] was a party or in which he attempted to become a party;

29. Documents sufficient to identify any loans, mortgages, repayment plans, rental agreements, credit transaction or financing agreements in the past five (5) years;

30. Documents sufficient to identify any other real estate property Plaintiff owns; and

33. All documents concerning any criminal action(s) involving Plaintiff.

**C.　Requests for Admission**

4. [Plaintiff] fell behind (i.e. became in arrears on his payments due under the Loan);

5. Defaulted on his Loan payment obligations;

5

**Simpson v. Ocwen, et al.**  Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

6. That Exhibit 3 was a true and correct copy of the Assignment of Mortgage transferring the loan from H&R Block Mortgage Corp. to Option One Mortgage Corporation. "Transferring the loan" shall have the same meaning as it does in Paragraph 8 of the Complaint;

12. That [Plaintiff] received the Home Affordable Agreement attached as Exhibit 5;

13. That [Plaintiff] signed page 11 of the Home Affordable Modification Agreement;

15. That the Balloon Payment Disclosure states the proper balloon disclosure;

19. That Wazit[2] stated that [Plaintiff] should not make one regular monthly payment because one payment would have been insufficient to make the account current on the payment obligation; and

20. That Wazit did not instruct him to stop sending in any payments.

---

[2] The Court believes Defendant's discovery requests fell victim to an auto-correct error and presumes the individual identified should have been called "Walt," not "Wazit."

6

**Simpson v. Ocwen, et al.**  Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

Counsel avers that Plaintiff's counsel did not respond to this correspondence. ECF No. 22 at ¶ 13. Plaintiff makes no argument or contention to the contrary.

Defendant filed the pending Motion to Compel on August 21, 2019. ECF No. 22. The very next day, Plaintiff served his second supplemental responses to Defendant's discovery requests. ECF No. 23. He served a third supplemental response on November 4, 2019. ECF No. 31. A fourth supplemental response was served on January 29, 2020. ECF No. 41. Yet another supplemental response – the fifth – was served on February 12, 2020. ECF No. 43.

## II. APPLICABLE STANDARD

Rule 26 of the Federal Rules of Civil Procedure generally governs the scope of written discovery practice. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Certainly, the scope of relevant discovery is much broader than the same trial evidentiary thresholds. See Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 622 (N.D.W. Va. 2006). However, "[a] court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial." Tustin v. Motorists Mut. Ins. Co., No. 5:08-CV-111, 2009 WL 10675150, at *3 (N.D.W. Va. Jan. 23, 2009). "District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996).

### III. DISCUSSION

Plaintiff's response to the pending motion indicates some issues raised have been resolved in some form or fashion. Defendant did not argue to the contrary in its reply nor has it advised the Court to the contrary in any other way; therefore, the Court **DENIES AS MOOT** the motion with respect to the following discovery requests:

1. Request for Production of Documents #15;

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

2. Request for Production of Documents #19;[3]

3. Request for Production of Documents #30;

4. Request for Admission #6; and

5. Request for Admission #12.

Before addressing the remaining outstanding discovery issues specifically, the Court notes, again, discovery is governed by a much more permissive standard than the Rules of Evidence provide at trial. In many ways, a plaintiff sets the scope of discovery with his or her complaint. A plaintiff cannot endeavor to unreasonably shrink the discovery playing field after casting a broader net with his or her complaint.[4] While Rule 26 requires this Court to consider the resources of the parties in crafting the boundaries of discovery, Plaintiff's counsel's repeated references to a "non-profit" law operation are not dispositive of

---

[3] This request was mooted by a supplemental discovery response. The initial response repeated boilerplate legalistic objections without much of any specific detail to support the objections. Requests for Production of Documents Nos. 30 and 33 were mooted under similar circumstances.

[4] The Court was forced to address a similar issue in the recently-denied Motion to Remand. Plaintiff's Complaint sought the full array of damages available under the WVCCPA – as is his right; however, that wide net clearly satisfied the amount in controversy threshold conveying jurisdiction upon this Court. Plaintiff sought remand despite the face of his own Complaint and, thereafter, made a settlement demand well in excess of $75,000. The Court senses a similar strategy here.

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

the issue. Defendant here does not seek significant, expensive electronic discovery or, in light of the allegations of the Complaint, burdensome written responses. Furthermore, Plaintiff's counsel regularly handles similar cases and litigation, reducing the research and study an otherwise longer learning curve might require. In fact, many of the responses sought information counsel should have known or at least investigated prior to filing Plaintiff's Complaint. As former Magistrate Judge Seibert noted:

> The Rules provide that when a party submits a document to the court, he is stating the "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). However, every factual allegation must have at least some minimal evidentiary support prior to filing. Morris v. Wachovia Secs., 448 F.3d 268, 277 (4th Cir. 2006) (stating that "Factual allegations fail to satisfy Rule 11(b)(3) when 'unsupported by *any* information obtained prior to filing'") (quoting Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991)) (emphasis in original). The Fourth Circuit has held that "The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis." In re Kunstler, 914 F.2d 505, 516 (4th Cir.1990).

Wagner v. St. Paul Fire & Marine Ins. Co., 238 F.R.D. 418, 427 (N.D.W. Va. 2006).

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

This basic tenet applies to some of the discovery requests at issue here. First and foremost, Interrogatory No. 1 seeks the most basic information at the core of Plaintiff's causes of action – some, if not all, of which should have certainly been within Plaintiff's or his counsel's knowledge. Defendant requested:

> Identify with particularity and detail each and every statutory violation you allege under the West Virginia Consumer Credit and Protection Act ("WVCCPA") including the factual basis, the particular code section you allege was violated and the date of each violation occurred. If you believe discovery is ongoing, please identify all alleged violations you have identified to date and supplement your answer if you discovery [sic] more or fewer alleged violations in the future.

ECF No. 22-1 at 6-7. This discovery request merely asks for specifics about the very claims asserted in the Complaint. Plaintiff and his counsel certainly know of **some** such alleged violations or this litigation would not have been initiated. Certainly, additional alleged violations could be unearthed during discovery. Rule 26 certainly contemplates such a scenario. See Fed. R. Civ. P. 26(e) (outlining obligation to supplement discovery responses). Defendant's motion with respect to Interrogatory No. 1 is **GRANTED**. Plaintiff shall respond to that discovery request,

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

without objection and in full, providing a distinction between alleged violations known at the time the Complaint was filed and those identified since.

A similar analysis applies to Interrogatory No. 2, which seeks the total amount of damages Plaintiff seeks from Defendant. Obviously, certain categories of damages such as annoyance and inconvenience cannot be quantified for discovery purposes; however, many categories of damages Plaintiff seeks – including the statutory penalties (based on the response to Interrogatory No. 1) and alleged improper fees or charges - can certainly be ascertained. Some level of calculation was certainly possible **before** Plaintiff filed his Complaint. Thus, Plaintiff is hereby ordered to amend his response to Interrogatory No. 2 to state his **current** claim for damages to the extent such damages are quantifiable including but not limited to attorney's fees. Plaintiff's duty to supplement, of course, applies here as discovery and litigation progresses. Defendant's motion with respect to this interrogatory is **GRANTED.**

With respect to Interrogatory No. 5, which seeks information related to the most recent payment Plaintiff made on the loan, the request is reasonably calculated to seek discovery of admissible

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

evidence and is relevant to both Plaintiff's claims and certain of Defendant's affirmative defenses. The information related to Plaintiff's most recent payment would certainly be known to him and easily identifiable. In other words, the request is not unduly burdensome in any way. The Court notes Plaintiff indicated investigation was underway and he would supplement his response. ECF No. 32-1 at 6. To the extent this supplemental response has not been made, Defendant's motion is **GRANTED** with respect to this interrogatory.

Regarding Request for Production of Documents No. 21, Defendant seeks all documents related to court proceedings to which Plaintiff was a party. Plaintiff initially responded with only an objection claiming the request was, among other things, burdensome and overly broad. Plaintiff's response to the pending motion argued "[l]itigation throughout Plaintiff's entire lifetime" was irrelevant. Thereafter, Plaintiff supplemented his response, listing **one** prior civil case where he was the named plaintiff, and the same firm representing him in this matter was counsel of record in that case. Plaintiff's objection on the basis that the request was somehow burdensome and overly broad is wholly without factual basis or legal merit. Based on the supplemental response, it

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

appears the initial response was a knee-jerk cut and paste response devoid of any legal analysis. To the extent it needs to be said, such responses will not be greeted warmly by this Court.

In its reply, Defendant contends Plaintiff's supplemental discovery response remains deficient as neither deposition transcripts nor the settlement agreement were produced. Plaintiff has articulated no reason as to why the deposition transcripts are not discoverable – either on relevance or privacy grounds. To the extent deposition transcripts from the litigation listed in Plaintiff's discovery responses have not been produced, Defendant's motion is **GRANTED** and Plaintiff shall produce those documents in accordance with this order. With respect to the settlement agreement, Plaintiff avers that document purports to make its contents and terms confidential. To further assess this request, Plaintiff shall provide a copy of this settlement agreement to the Court via the CM/ECF filing system for in camera review within fifteen (15) days of entry of this order. The Court will make a final determination as to the discoverability of that agreement after it has had opportunity to review. With respect to Request for Production of Documents No. 21, Defendant's motion is

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

**GRANTED IN PART** while the remainder is held in abeyance until the Court has reviewed the settlement agreement at issue.

Plaintiff objected to Request for Admission No. 4, claiming it was both vague and confusing while calling for a legal conclusion. Request for Admission No. 4 reads, "Admit that you fell behind (i.e., became in arrears on your payments due under the Loan)." The request is hardly the legalese often seen in discovery requests and briefs submitted to this Court. Likewise, Rule 36 clearly permits requests for admission "relating to . . . facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36(a)(1)(A). Thus, Plaintiff's objection is without **any** basis and Defendant's motion is **GRANTED** on this request. Plaintiff shall respond in full as outlined in this order.

In addition to the discovery requests addressed so far, Defendant's motion referenced these potentially deficient discovery responses as well:

    1. Interrogatory No. 3;

    2. Interrogatory No. 4;

    3. Interrogatory No. 6;

    4. Interrogatory No. 14;

**Simpson v. Ocwen, et al.**                    Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

5. Request for Production of Documents No. 16;

6. Request for Production of Documents No. 17;

7. Request for Production of Documents No. 18;

8. Request for Production of Documents No. 29;

9. Request for Production of Documents No. 33;

10. Request for Admission No. 5;

11. Request for Admission No. 13;

12. Request for Admission No. 15;

13. Request for Admission No. 29; and

14. Request for Admission No. 20.

However, neither Defendant's motion or reply brief expound upon how Plaintiff's responses may be deficient or if the issue has been resolved via supplemental responses or otherwise. Defendant indicated it was limited in addressing the universe of discovery requests made subject of its motion due to page limitations yet neglected to seek leave of Court to fully address its request for relief.[5] Plaintiff's response brief does not provide any further

---

[5] Defendant did use multiple pages of its reply brief to address its request for attorney's fees and sanctions. The Court is mindful of the broad discretion invested in it with respect to discovery sanctions. The Court has issued its rulings on the discovery issues fully briefed to date and has addressed the issues implicated in the parties' discovery practices. The Court will not order attorney's fees or sanctions at this time; however, both

clarification to the Court, although he is not the party seeking relief here. Without any additional specifics, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion as it pertains to these discovery requests. Defendant may renew its motion with respect to these requests to the extent it deems necessary. Given that the underlying Motion to Compel was timely filed under Rule 37.02(b) of this Court's Local Rules of Civil Procedure, any such renewed motion will be considered as timely filed also.

## IV. CONCLUSIONS

For the foregoing reasons, the Court rules as follows:

1. Defendant's Motion with respect to Requests for Production of Documents Nos. 15, 19, and 30 and Requests for Admission Nos. 6 and 12 is **DENIED AS MOOT**;

2. Defendant's Motion with respect to Interrogatory Nos. 1, 2, and 5; Request for Production of Documents No. 21; and Request for Admission No. 4 is **GRANTED** and Plaintiff is ordered to fully respond, without

---

parties are expected to conform their practices in a manner consistent with this order, in a manner consistent with the Federal Rules of Civil Procedure, and in a way that best serves their clients. Defendant's motion for attorney's fees or sanctions is **DENIED.**

**Simpson v. Ocwen, et al.** Civil Action No. 2:19-CV-29

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DISCOVERY REQUESTS [ECF NO. 22] AND GRANTING IN PART AND DENYING
AS MOOT IN PART DEFENDANT'S MOTION TO LIFT STAY AND COMPEL
PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS [ECF NO. 28]**

objection, to these discovery requests within thirty (30) days of entry of this order;

3. Defendant's Motion with respect to Interrogatory Nos. 3, 4, 6, and 14; Request for Production of Documents Nos. 16, 17, 18, 29, and 33; and Request for Admission Nos. 5, 13, 15, 19, and 20 is **DENIED WITHOUT PREJUDICE**;

4. Defendant's request for attorney's fees and/or sanctions is **DENIED**; and

5. Defendant's Motion to Lift Stay [ECF No. 28] is **GRANTED** to the extent the prior stay had remained in effect. It is **DENIED AS MOOT** to the extent that it requests that Plaintiff be ordered to respond to the outstanding discovery requests.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 25, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE